[Cite as *Siltstone Servs., L.L.C. v. Guernsey Cty. Community Dev. Corp.*, 2020-Ohio-3878.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SILTSTONE SERVICES, LLC | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellant | Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 19CA000049 |
| THE GUERNSEY COUNTY<br>COMMUNITY DEVELOPMENT<br>CORPORATION, et al., | |
| Defendants-Appellees | O P I N IO N |

CHARACTER OF PROCEEDINGS:     Appeal from the Guernsey County Court
of Common Pleas, Case No.
17CV000611
Affirmed in part, reversed and remanded
JUDGMENT:                                         in part

DATE OF JUDGMENT ENTRY:         July 27, 2020

APPEARANCES:

For Plaintiff-Appellant                         For Defendants-Appellees Guernsey
County Community Development Corp.

ANDREW LYCANS                             MARIBETH MELUCH
Critchfield, Critchfield & Johnston, LTD     Isaac Wiles Burkholder & Teetor, LLC
225 North Market Street                       Two Miranova Place – Ste. #700
P.O. Box 599                                       Columbus, Ohio  43215
Wooster, Ohio  44691

                                                          For Defendants-Appellees Synergy Land
MANMEET S. WALIA                         Company, LLC and Whispering Pines
Siltstone Services, LLC                       Land Company, LLC
1801 Smith Street – Ste. #2000
Houston, TX 77002                             CRAIG G. PELINI & PAUL B. RICARD
                                                          Pelini, Campbell & Williams, LLC
                                                          8040 Cleveland Ave., NW – Ste. #400
                                                          North Canton, Ohio  44720

For Defendant-Appellee
Ohio Public Works Commission

DAVID YOST
Attorney General of Ohio

LIDIA MOWAD
JAMES PATTERSON
RACHEL HUSTON
CHRISTIE LIMBERT
CORY GOE
MICHELLE PFEFFERLE
JOSHUA NAGY
Assistant Attorneys General
Executive Agencies Section
30 E. Broad Street – 26th Floor
Columbus, Ohio  43215

*Hoffman, P.J.*

{¶1} Plaintiff-Appellant Siltstone Resources, LLC ("Siltstone") appeals the judgment entered by the Guernsey County Common Pleas Court dismissing its complaint against Guernsey County Community Development Corporation ("CDC") on summary judgment.

STATEMENT OF THE FACTS AND CASE

{¶2} This case concerns the Clean Ohio Conservation Program and approximately 60 acres of property in Guernsey County, Ohio.

{¶3} In 2000, Ohio voters approved a constitutional amendment to create a tax-exempt bond fund to be used for environmental conservation and revitalization purposes. Ohio Constitution, Article VIII, Section 2o(A). The amendment permitted the General Assembly to enact laws in accordance with the amendment. Ohio Constitution, Article VIII, Section 2o(B). As a result of the amendment, the Clean Ohio Fund Green Space Conservation Program was created and the Ohio Public Works Commission (OPWC) was tasked with administering the program.

{¶4} In 2006, CDC applied for a grant of $894,500 from the Clean Ohio Fund for its Leatherwood Creek Riparian Project. CDC represented to OPWC it would purchase land along the Leatherwood Creek "to allow the riparian corridor to be protected from encroachment by development and allow the natural beauty of [the] valley to be accessed by the public." CDC represented "the primary emphasis of this project is the preservation and restoration of water quality, natural stream channels, functioning floodplains, wetlands, streamside forests, and other natural features that contribute to the quality of life in Guernsey and Belmont County." The project included land in both Belmont and Guernsey Counties.

**{¶5}** OPWC approved the grant and a project agreement was entered into between Appellant OPWC and CDC in 2006. As part of the agreement, deed restrictions were required to be recorded with the deeds for any property CDC purchased with grant funds from OPWC.

**{¶6}** In February, 2008, CDC purchased approximately 60 acres in Guernsey County from George and Autumn Thompson using grant funds received from OPWC. The deed contained the following restrictions:

1. Use and Development Restrictions. Declarant hereby agrees, for itself and its successors and assigns as owners of the Property, which Property shall be subject to the following: This property will not be developed in any manner that conflicts with the use of the Premises as a green space park area that protects the historical significance of this particular parcel. Only current structures will be maintained and no new structures will be built on the premises.

2. Perpetual Restrictions. The restrictions set forth in this deed shall be perpetual and shall run with the land for the benefit of, and shall be enforceable by, Ohio Public Works Commission (OPWC). This deed and the covenants and restrictions set forth herein shall not be amended, released, extinguished or otherwise modified without the prior written consent of OPWC, which consent may be withheld in its sole and absolute discretion.

3. Enforcement. If Grantee, or its successors or assigns as owner of the Property, should fail to observe the covenants and restrictions set forth herein, the Grantee or it is successors or assigns, as the case may be, shall pay to OPWC upon demand, as liquidated damages, an amount equal to the rate of (a) two hundred percent (200%) of the amount of the Grant received by Grantee, together with interest accruing at the rate of six percent (6%) per annum from the date of Grantee's receipt of the Grant, or (b) two hundred percent (200%) of the fair market value of the Property as of the date or demand by OPWC. Grantee acknowledges that such sum is not intended as, and shall not be deemed, a penalty, but is intended to compensate for damages suffered in the event a breach or violation of the covenants and restrictions set forth herein, the determination of which is not readily ascertainable.

OPWC shall have the right to enforce by any proceedings at law or in equity, all restrictions, conditions, and covenants set forth herein. Failures by OPWC to proceed with such enforcement shall in no event be deemed a waiver of the right to enforce at a later date the original violation or subsequent violation.

4. Restrictions on transfer of the Property. Grantee acknowledges that the Grant is specific to Grantee and that OPWC's approval of Grantee's application for the Grant was made in reliance on Grantee's continued ownership and control of the Property. Accordingly, Grantee shall not voluntarily or involuntarily sell, assign, transfer, lease, exchange, convey or

otherwise encumber the Property without the prior written consent of OPWC, which consent may be withheld in its sole and absolute discretion.

{¶7}   2008 Deed from George and Autumn Thompson to CDC.

{¶8}   On April 24, 2013, the Executive Director of CDC, Daniel Speedy, signed a right of way letter agreement giving Siltstone the right use a private road on the property to access Siltstone's adjoining property.   In exchange for use of the right of way for its commercial oil and gas activities, Siltstone agreed to maintain the road.   However, at some point in time, CDC erected a gate on the property preventing Siltstone from using the right of way.

{¶9}   Siltstone filed the instant action against CDC on November 1, 2017, seeking a declaration the right of way agreement between the parties remained in effect and an order directing CDC to specifically perform under the agreement by executing a recordable right of way.   Siltstone later amended the complaint, adding a cause of action seeking money damages for breach of contract.

{¶10}  OPWC intervened in the action on July 2, 2018.   OPWC filed a counterclaim against Siltstone and a cross-claim against CDC, alleging the right of way agreement and other interests in the property conveyed by CDC violated the deed restrictions.   OPWC obtained leave to join six other parties to which CDC had transferred an interest in the property, and filed cross-claims against these new party defendants.[1]

{¶11}  Pertinent to this appeal, both Siltstone and CDC filed motions for summary judgment concerning Siltstone's complaint against CDC.   The trial court found Speedy's

---

[1] The trial court's disposition of the remaining parties' claims is the subject of the related appeal, Case No. 19CA00047.

action in signing the right of way agreement without the approval of CDC's board of directors was ultra vires and not binding on CDC, and accordingly granted CDC's motion for summary judgment and denied Siltstone's motion for summary judgment.

{¶12} It is from the October 25, 2019 judgment of the Guernsey County Common Pleas Court Siltstone prosecutes this appeal, assigning as error:


I. THE TRIAL COURT ERRED IN HOLDING THAT THE RIGHT OF WAY AGREEMENT IS NOT BINDING BECAUSE ITS SIGNING CONSTITUTED AN ULTRA VIRES ACT.

II. THE TRIAL COURT ERRED IN CONSTRUING FACTS AGAINST THE NON-MOVANT IN DECIDING THE MOTION FOR SUMMARY JUDGMENT.


I., II.

{¶13} We address both of Siltstone's assignments of error together, as both argue the trial court erred in granting summary judgment; specifically, the trial court erred in holding the right of way is not binding because its signing by Speedy constituted an ultra vires act.

{¶14} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36 (1987). As such, we must refer to Civ. R. 56(C) which provides in pertinent part:

Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

**{¶15}** Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed.  The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact.  The moving party may not make a conclusory assertion the non-moving party has no evidence to prove its case.  The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim.  If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial.  *Vahila v. Hall*, 77

Ohio St.3d 421, 429, 1997-Ohio-259, *citing Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

**{¶16}** As to Siltstone's claims for injunctive and declaratory relief, in our related opinion in Guernsey App. No. 19CA000047, we held CDC's transfer of a right of way to Siltstone violated the use and transfer restrictions in the Thompson deed. Therefore, Siltstone is not entitled to injunctive or declaratory relief concerning its right to use the right of way, and summary judgment is appropriate as to those two causes of action.

**{¶17}** However, Siltstone's complaint also sought damages from CDC for breach of contract. We find its breach of contract action is not resolved by our holding the right of way transfer violates the deed restrictions. Impossibility of performance is an affirmative defense to a breach of contract claim, occurring where, after the contract is entered into, an unforeseen event arises rendering impossible the performance of one of the contracting parties. *W. Res. Academy v. Franklin*, 5th Dist. Stark No. 2012CA00207, 2013-Ohio-4449, 999 N.E.2d 1198, ¶26. In its motion for summary judgment, CDC argued the unforeseen event was CDC's recognition of the possible ramifications of the deed restrictions on the right of way conveyance *after* the right of way letter was executed. However, we find the potential impact of the deed restrictions was not an unforeseen event on the part of CDC, as CDC entered into an agreement with OPWC to receive the grant money, based in part on the these restrictions being made a part of the Thompson deed, *before* CDC purchased the property, and *before* CDC conveyed the right of way to Siltstone. CDC's lack of recognition of the impact those restrictions potentially had on the right of way agreement did not render the impact of the restrictions an "unforeseen event."

**{¶18}** Regarding Siltstone's claims against CDC, the trial court ruled:

As to the Right of Way Letter Agreement signed by Daniel Speedy, this Court concludes that Speedy's actions regarding the creation of the same were ultra vires and therefore not binding upon the Defendant CDC.

**{¶19}** Judgment Entry, October 25, 2019, Conclusion of Law 7.

**{¶20}** In its motion for summary judgment, CDC argued the right of way letter was executed by Dan Speedy without authority in his position to convey any interest in the property. CDC argued its bylaws required him to first seek approval of the Board of Trustees, which he failed to do. CDC argued the agreement was therefore ultra vires and void as a matter of law.

**{¶21}** Black's Law Dictionary (7 Ed.1999) pg. 1525, defines ultra vires as "Unauthorized; beyond the scope of power allowed or granted by a corporate charter or by law." *In re Sims*, 7th Dist. Jefferson No. 02-JE-2, 2002-Ohio-3458. Pursuant to the doctrine of ultra vires, a property transfer would be invalid only if it were ultra vires in the truest sense: a corporate act beyond the statutory and charter powers of the corporation. *Carr v. Acacia Country Club Co.*, 8th Dist. No. 96731, 2012-Ohio-1940, 970 N.E.2d 1075, ¶ 44. "[T]he notion of ultra vires acts by a corporation does not encompass a corporation's violation of its own regulations or bylaws." *Id.*

**{¶22}** In the instant case, CDC's argument Speedy acted outside the requirements of the bylaws of the organization in executing the right of way letter with Siltstone would not render the action ultra vires. There is no suggestion the transfer of

the property interest in the instant case was a corporate act beyond the statutory and charter powers of CDC. Therefore, we find the trial court erred in entering summary judgment on the basis the act was ultra vires.

{¶23} Both parties make arguments based on evidence in the record concerning whether Speedy had apparent authority to execute the right of way letter. Because the trial court did not consider the issue of apparent authority and Siltstone does not assign as error that it is entitled to summary judgment on this basis, we decline to undertake an analysis of the issue of Speedy's apparent authority to execute the right of way letter for the first time on appeal. In *Murphy v. Reynoldsburg,* 65 Ohio St.3d 356, 604 N.E.2d 138 (1992), the Ohio Supreme Court held an appellate court may not independently review the record for a summary judgment motion when the trial court failed in its mandatory duty to "thoroughly review all appropriate materials" before ruling on the motion. *Id.* at 360, 604 N.E.2d 138. The Court found "[a] reviewing court, even though it must conduct its own examination of the record, has a different focus than the trial court. If the trial court does not consider all the evidence before it, an appellate court does not sit as a reviewing court, but, in effect, becomes a trial court." *Id.* Because the trial court focused solely on the legal doctrine of ultra vires, the trial court did not review the evidence to determine whether summary judgment was appropriate on the issue of Speedy's apparent authority to act, and we decline to do so for the first time on appeal.

{¶24} The assignment of error is overruled as to Siltstone's claims for declaratory and injunctive relief. The assignment of error is sustained as to Siltstone's claim for breach of contract.

{¶25} The summary judgment of the Guernsey County Common Pleas Court is affirmed as to Siltstone's claims for declaratory and injunctive relief and reversed as to Siltstone's claim for breach of contract.  This case is remanded for further proceedings consistent with this opinion.


By: Hoffman, P.J.

Wise, John, J.  and

Wise, Earle, J. concur